## LUM BING WEY v. UNITED STATES.

(District Court, W. D. Texas, El Paso Division. December 24, 1912.)

### No. 382.

1. ALIENS (§ 32*)—CHINESE EXCLUSION ACTS—DEPORTATION—EVIDENCE.

In proceedings to deport a Chinese person in the United States, a certificate of a United States commissioner certifying that such person is entitled to remain in the United States by reason of being born in the United States made in prior deportation proceedings is inadmissible in evidence.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—CHINESE EXCLUSION ACTS—DEPORTATION—EVIDENCE.

The certificates of the clerk of the District Court of docket entries and records in proceedings under the Chinese exclusion acts, including the discharge of the Chinese person, if admissible in subsequent deportation proceedings, are without effect, in the absence of evidence that the Chinese person arrested and discharged in the prior proceedings is the person sought to be deported in the present proceedings.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*]

3. ALIENS (§ 32*)—DEPORTATION OF CHINESE PERSONS—BURDEN OF PROOF.

In Chinese deportation proceedings, the Chinese person asserting his right to remain in the United States has the burden of establishing the right by affirmative proof.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Proceedings by the United States for the deportation of Lum Bing Wey, a Chinese. From an order of deportation, defendant appeals. Affirmed.

This is an appeal by Lum Bing Wey from an order of deportation passed by United States Commissioner Oliver. There is no testimony in the case except three certificates, of which the following are copies:

1. Certificate of United States commissioner, George E. Johnson:

"United States of America, District of Vermont.

"I, George E. Johnson, United States commissioner, within and for the District of Vermont, hereby certify that a complaint was exhibited before me by John H. Senter, United States attorney within and for said district, on the 13th day of October, A. D. 1897, charging, in substance, that on or about the 12th day of October, A. D. 1897, at Richford, in said district, one Lum Bing Wey, a person of Chinese descent, did unlawfully come into and was within the United States, in violation of section —— of the Revised Statutes of the United States; and on the thirteenth day of October, A. D. 1897,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant was brought before me, at my office in the city of Burlington, in said district, and, after a full hearing on said charge, the said United States attorney being present, it was adjudged by me that said Lum Bing Wey had the lawful right to be and remain in the United States, having found that he is an American citizen by reason of having been born in the United States, and he was thereupon discharged from custody.

"Given under my hand and official seal at the city of Burlington, in the district of Vermont, this thirteenth day of October, A. D. 1897.

"[Signed] Geo. E. Johnson,
"United States Commissioner, District of Vermont. [Seal.]"

2. Certificate of Frederick S. Platt, clerk, as to docket entries:

"United States v. Lum Bing Wey.

"District Attorney Brown, J. A.

"1897

Oct. 13 Filed complaint of United States attorney for violation of Chinese exclusion acts.
" " Issued warrant of arrest.
" " Warrant of arrest returned served—respondent in court.
" " Hearing.
" " Discharged.

"United States District Court, District of Vermont.

"I, Frederick S. Platt, clerk of the District Court of the United States within and for the District of Vermont, hereby certify that the foregoing is a true copy of the docket entries in the cause United States v. Lum Bing Wey, taken from the dockets of former United States commissioner, George E. Johnson, which dockets, with other dockets, papers, files, and records of said former United States commissioner, George E. Johnson, were deposited in the office of the clerk of said District Court, at the decease of the said former United States commissioner, George E. Johnson, on the 19th day of November, 1907.

"Witness my hand, as such clerk, and the seal of said court, at the office of said clerk, in the city of Rutland, in said district, on this 4th day of October, A. D. 1912.        [Signed] Frederick S. Platt, Clerk. [Seal.]"

3. Certificate of Clerk Platt touching the filing of complaint, issuance of warrant, etc., in the case of United States v. Lum Bing Wey:

"United States District Court, District of Vermont.

"I, Frederick S. Platt, clerk of the District Court of the United States within and for the District of Vermont, hereby certify that the foregoing is a true copy of the original complaint and warrant with the officer's return thereon, and the filings thereon, in case United States v. Lum Bing Wey, which complaint, warrant, officer's return, and filing, with other papers, files, records, and dockets of former United States commissioner, George E. Johnson, were deposited in the office of the said clerk, at the decease of the said United States commissioner, George E. Johnson, on the 19th day of November, 1907.

"Witness my hand as such clerk, and the seal of said court at the office of the clerk of said court in the city of Rutland, in said district of Vermont, this 4th day of October, A. D. 1912.

"[Signed] Frederick S. Platt, Clerk. [Seal.]"

Upon these certificates the appellant bases his right to remain in the United States.

W. B. Ware, of El Paso, Tex., for appellant.
Charles A. Boynton, U. S. Atty., of Waco, Tex.

MAXEY, District Judge (after stating the facts as above). [1, 2] In this case the court is of the opinion (1) that the certificate of George E. Johnson is inadmissible in evidence; (2) that if the certificates of

Frederick S. Platt, clerk, be admissible, there is nothing in the record to show that the appellant is the person who was arrested and discharged by Commissioner Johnson on October 13, 1897.

[3] In Chinese cases the burden is upon the one asserting his right to remain in the United States to establish such right by affirmative proof. Neither the appellant himself nor any other person attempted to show that he is the Chinese person named in the certificates of Clerk Platt. For the reason stated, the order of the commissioner, deporting the appellant, should be, and it is hereby, affirmed. Ordered accordingly.